UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00919-AH-DSRx | Date | September 25, 2026 |
| Title | *Stop the Madness et al. v. State Bar of California et al.* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF PROSECUTION [JS-6]**

On August 28, 2026, the Court issued an Order to Show Cause re Dismissal for Lack of Prosecution ("Order"). Dkt. No. 20. The Order stated that if "Plaintiff files a Proof of Service of Summons and Complaint which indicates that Defendants were not served within 90 days after the complaint was filed, as required by Federal Rule of Civil Procedure 4(m), Plaintiff shall also provide a declaration from counsel showing good cause for such failure. Failure to do so will result in dismissal of this action without prejudice under Rule 4(m)." *Id*. On September 14, 2026, Plaintiffs filed a response to the Order indicating that he had initiated service as to all defendants. Dkt. No. 23. On September 19, 2026, Plaintiffs filed Proof of Service as to Defendant Patricia Guerrero, indicating that this party was served on September 16, 2026. Dkt. No. 25. Though this defendant was not served within 90 days after the Complaint was filed on April 15, 2026, Dkt. No. 1, Plaintiffs did not provide a declaration setting forth good cause for the failure to timely serve this defendant. Additionally, to date, Plaintiff has not filed Proof of Service as to any other defendants.

Accordingly, the Court considers whether to dismiss the case for failure to prosecute or comply with a court order. "District courts have the

inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citation modified).

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Id.* at 1260-61 (citation omitted). Having considered the factors above and Plaintiff's failure to adequately respond to the Court's Order, the Court finds that a dismissal without prejudice is warranted.

Accordingly, this action is hereby **DISMISSED** without prejudice. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**